[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
PROCEDURAL BACKGROUND
By complaint dated August 4, 1994, the plaintiffs, August B. Rivezzi and Janice Rivezzi of the Town of North Branford, have appealed from the decision of the North Branford Inland Wetlands and Watercourses Agency ("Agency"). The Agency had ruled that the plaintiffs would not be allowed to repair and stabilize an existing access road on a portion of the plaintiffs' property and that such operation was in fact subject to regulation rather than exempt as a farming related use permitted as of right pursuant to Connecticut General Statute § 22a-40(1) and Section 4 of the Inland Wetland and Watercourses Regulations of the Town of North Branford.
FACTS
Plaintiffs operate a 42+/- acre farm and nursery center located between Route 80 and Twin Lakes Road in North Branford. Plaintiffs own a 10.5 acre portion of that farm and nursery CT Page 6783 operation known as 1289 Foxon Road which abuts the westerly side of Route 80 and contains all the nursery operation and a large portion of the fields for the growing and harvesting of hay and nursery stock. The property is located in a B-1 zone which allows farming and nursery uses as of right.
The remainder of the farm property is owned by Gina and Bart Rivezzi and is zoned for residential use. The Rivezzi Garden Center is on the property and accessible from Route 80. Also located along Route 80, but accessible only from the rear of the property due to a steep drop in elevation, is a vacant field that is the subject of this appeal.
Plaintiffs claim to have used a significant portion of the property for nursery and/or farming operations for over 35 years.
The farm road to the alleged hay field was constructed in 1967 to provide a solid and dry access to that portion of the property. The farm road separates a small wetland area on the property from another wetland area on the property to the east.
In 1991, there were certain negotiations between the Town of North Branford and the plaintiff to use the plaintiffs' property and farm road to reach Route 80 for the purpose of installing drainage improvements on abutting properties. Eventually this project was abandoned by the Town. Following the Town abandonment, as a result of complaints from neighbors to the east, cease and desist orders were issued which cumulatively called for, among other things, removal and restoration of gravel which had been added to the road. In October of 1991, the plaintiffs sought a permit to conduct a regulated activity from the Agency in order to retain the existing farm road in its then current condition. That permit was denied. Plaintiffs appealed that denial to the Superior Court and in a decision issued in September of 1992 the Agency's denial of the permit was upheld by the court. Rivezzi v. NorthBranford, CV 91-323717 (Sept. 23, 1992) 1992 Ct. Sup. 8955). Subsequently the plaintiffs removed the gravel in accordance with the Town order.
Plaintiffs continued to be concerned about their ability to buttress the road so that they could reach the property claimed to be used as a hay field. As a result of their concerns, on June 14, 1994 plaintiffs submitted a written request to the Agency to determine whether or not the repair and stabilization of the farm road on a portion of their farm land was a permitted non-regulatedCT Page 6784use of their property pursuant to § 4.1A of the Regulations and§ 22a-40(1) of the General Statutes.
Plaintiffs concede that they had initially applied to conduct a regulated activity, which application was denied by the local Agency and affirmed by the Superior Court. Plaintiffs then claim to have learned of the § 22a-40(1) exemption and would now argue that their application is not for a regulated activity but for the determination of the exemption.
DISCUSSION
The court sees no difference which affects its decision between Connecticut General Statute § 22a-40(a)(1) and § 4.2 of the local Regulation. Accordingly, the court will deal with the language of the General Statute. The statute provides impertinent part:
 "(a) The following operations and uses shall be permitted in wetlands and watercourses, as of right:
 (1) grazing, farming, nurseries, gardening and harvesting of crops and farm ponds of three acres or less essential to the farming operation. The provisions of this subdivision shall not be construed to include road construction or the erection of buildings not directly related to the farming operation, relocation of watercourses with continual flow, filling or reclamation of wetlands or watercourses with continual flow, . . ."
Plaintiffs' argument is that their 10+/- acre parcel is used for farming purposes and that they wish to construct or erect a road directly relating to their farming operation and that that erection or construction does not effect any "watercourses with continual flow".
The plaintiffs submitted the following evidence to support their claim that the farm road was directly related to farming and harvesting of crops and therefore permitted as of right:
 (1) assessor's field cards for the property showing it is assessed predominantly as farm land CT Page 6785 (8.66 acres) and the garden store area as commercial (1.84 acres) though the entire property is zoned for business use (R12-14);
 (2) Property Analysis by David Lord, soil scientist, noting that much of the property is open grass hay field in the area of the farm road (R6 p 1);
 (3) letters from six individuals indicating they had personal knowledge of the existence of the farm road by, at least, the early 1970's and confirming farm use of the property (R17-22)
 (4) a letter from Robert Page confirming that he has leased the property for at least the past twenty years to grow and harvest hay for his dairy cows (R27);
 (5) a letter from the Connecticut Farm Bureau Association, Inc.'s executive director opining that the farm road is "directly related to the farming operation as its only function is to connect one hay field to another. . .", underscoring the intent of the statute to allow permitted farm uses of wetlands as of right (R39);
 (6) a letter from the Commissioner of the Connecticut Department of Agriculture expressing support for the plaintiffs' right to farm the portion of the property separated from the main parcel by wetlands (R38);
 (7) a letter from the 1975 North Branford Zoning and Building Officer indicating the existence of the farm road in 1978;
 (8) photographs of farming activities and uses of the farm road by farming equipment over the years (R50); and
 (9) testimony by the plaintiffs that the farm had been there since 1915 (R, 29 p 4), that repairing of the road is needed to prevent sinking of equipment and to allow access to the lower CT Page 6786 field (R 29 p 5), and that the field is not cultivated now due to the lack of access but the intent is to farm it next year (R 29 p 12).
The defendant Inland Wetlands and Watercourses Agency had substantial evidence upon which to base a finding that adding gravel to or repair and stabilization of the road purportedly accessing the farm land could do damage to other parts of the wetland. However, the Agency did not have any testimony of a substantial nature to rebut the plaintiffs' showing that the property would be used for farming purposes. The chairman of the Agency at the public hearing indicated a belief that the road was not needed because the field to be accessed has no hay; and, further, the opinion that the farm road is not related to farming operations because the field to be accessed is part of existing commercial operations. There is no evidence which the court can find in the record to support these beliefs by the chairman other than the fact that there is at present no haying operation because there has been no means of access since the fill was removed at the insistence of the Town.
The Agency decided that the proposed activity was not permitted as of right and denied the request to repair the road citing the following reasons:
 1. The IWWA found that the applicant failed to provide sufficient reason why the proposed activity should be permitted as of right as provided by Section 22a-40 of the Connecticut General Statutes.
 2. The applicant failed to demonstrate the ability of the property to accommodate the proposed activity while protecting the quality of the adjacent wetlands.
 3. The applicant failed to provide documentation that there would be no adverse impact upon adjoining and down gradient wetlands.
 4. The IWWA finds pursuant to Section 22a-41(b) that a feasible and prudent CT Page 6787 alternative does exist.
 5. The IWWA findings and concerns remain the same as documented in the Superior Court's Memorandum of Decision dated September 23, 1992.
 6. The IWWA further finds that there has not been a substantial change in circumstances to justify the IWWA's revisiting cease and desist order number #91-13, and modifying or reversing the IWWA's resolution of September 30, 1991." (R47)
The Commissioner of Environmental Protection was not a party to the original Agency action but chose to become a party to the appeal in this court as is his right pursuant to statute. In a brief filed on February 14, 1995 the Commissioner appears to take no strong position on whether the exemption is justified under the facts of the instant case. Rather, the Commissioner argues for strict construction of the exemption and cites authority for the proposition that the burden of proving the exemption is on the applicant. The Commissioner then concludes:
 "Whether or not this court upholds the agency decision with regard to the farming exemption in this case, it is clear that the carrying out of an as-of-right activity does not insulate the activity or the persons conducting it from the jurisdiction of the wetlands agency insofar as the exempt activity may cause adverse effects upon other nonexempt wetlands and watercourses."
Because the court had serious reservations that the record before it justified the denial of the exemption, the court, on March 29, 1995, took the unusual step of inviting supplemental briefs addressing "the proposition that if an exempt activity creates problems in other parts of the wetland the exemption is lost."
All parties accepted the court's invitation and filed well-reasoned briefs setting forth their position on the question. CT Page 6788
However, after briefing the issue, the Commissioner on April 21, 1995, filed a document entitled "Reply of the Defendant Commissioner of Environmental Protection." That document contained the following language:
 The central issue before this court in the instant case is whether substantial evidence exists in the entire record to support the decision of the North Branford Inland Wetlands and Watercourses Agency to deny the application of the farming exemption, Conn. Gen. Stat. § 22a-40(a), to the facts placed before it by the plaintiffs in their request for a declaratory ruling.
 The issue addressed in the supplemental briefs, whether the jurisdiction of the wetlands agency may be invoked by reason of impacts on other wetlands and watercourses resulting from the carrying out of the exempt activity, does not need to be addressed by this court in order to resolve the central issue in this administrative appeal. In fact, the danger here is that the court is being encouraged to engage in findings beyond the necessary scope of the central issue. A judicial examination of the scope of an exempt activity is best undertaken in an enforcement proceeding with a fuller factual record than is the one provided to the court here."
When the court examines the reasons given by the Agency for its denial of the request that it find an exempt activity, the court finds that reason #2 is concerned with "protecting the quality of the adjacent wetlands", reason #3 is concerned with "adverse impact upon adjoining and down gradient wetlands", reason #4 finds "a feasible and prudent alternative", reason #5 finds "concerns remain the same as documented in the Superior Court's Memorandum of Decision", and reason #6 finds "there has not been a substantial change in circumstances." It appears to the court that reasons #2 through #6 deal with precisely the question which the Commissioner, in his April 21st reply, suggests should not be before the court. Only the conclusionary statement of reason #1,
The IWWA found that the applicant failed to CT Page 6789 provide sufficient reason why the proposed activity should be permitted as of right as provided by section 22a-40 of the Connecticut General Statutes
appears to the court to bear on the question of the availability of the exemption.
Reading the statute, the court finds that in order for the Agency to prevail in its conclusion that the exemption is not available, the court must find (a) an evidentiary basis in the record upon which to determine that the plaintiffs' use of its property was not a "farm use" as defined in Connecticut General Statute § 22a-40(a); or (b), an evidentiary basis on which to conclude that the proposed repair would result in the relocation of watercourses or the filling or reclamation of wetlands, both with continual flows. While the court recognizes that it may not substitute its judgment for that of the local agency, the court finds no basis in the record before it either for the conclusion that this is not a farm use or for the conclusion that the filling will interfere in the exempt area with continual flows.
The court finds that the activity proposed by the plaintiffs is an exempt activity and, accordingly, the appeal is sustained and the decision of the defendant Inland Wetlands and Watercourses Agency is reversed.
While the court finds that the proposed activity is exempt for the reasons set forth in the foregoing opinion, the court recognizes that a permit is required for a "regulated activity" as that term is defined in § 22a-38(13). The court recognizes that the Supreme Court has held: "Obviously, one can `cause' pollution (or many of the other regulated activities) of a wetlands by actions on parcels adjacent to and perhaps even remote from designated wetlands activities." Aaron v. Conservation Commission, 183 Conn. 532,542 (1981). In Aaron, the Court held that the local agencies' regulation of activities occurring outside the physical boundaries of the wetlands are not invalid where the proposed activity may adversely effect wetlands or watercourses.
The court finds that the exemption is not lost because of adverse impact on other wetlands and watercourses resulting from the carrying out of an exempt activity. However, the court recognizes that there is substantial evidence, particularly when one considers the Memorandum of Decision rendered in the Judicial CT Page 6790 District of New Haven on September 23, 1992, that the exempt activity may have an adverse impact on other parts of the wetlands. This impact may properly be considered as a regulated activity when one examines the relationship between non-regulated (or exempt) activities and regulated activities in the light of Aaron. The court is prepared to accept the suggestion of the Commissioner, and, while finding the proposed activity exempt, to leave a judicial examination of the consequences of that exempt activity in other portions of the wetland to an appropriate administrative proceeding dealing with that issue.
While the court has found for the plaintiff on the question of the determination of the exemption, nothing in this opinion is intended to authorize the exempt activity if the commencement of the exempt activity results in other regulated activity.
THE COURT
BY: KEVIN E. BOOTH